IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER WAYNE OLIVER                                    PLAINTIFF

vs.                              Civil No. 5:25-cv-05180

FRANK BISIGNANO,                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Christopher Wayne Oliver ("Plaintiff") brings this action pursuant to § 205(g) of Titles II

and XVI of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a

final decision of the Commissioner of the Social Security Administration ("SSA") denying his

application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI")

under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  (ECF No. 5.)  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

### 1. **Background**

Plaintiff filed a Title II application for a period of disability and disability insurance

benefits on March 6, 2023, and a Title XVI application for supplemental security income on March

1

30, 2023. (Tr. 39.)[1] In these applications, Plaintiff alleged being disabled due to polycythemia vera, high blood pressure, COPD, anemic, asthma, left knee problems, and right knee problems. (Tr. 297.) Plaintiff alleged an onset date of February 28, 2023. (Tr. 39.) Plaintiff's application was denied initially on August 7, 2023, and again upon reconsideration on October 19, 2023. *Id.*

Plaintiff requested an administrative hearing on his denied applications, and this request was granted. (Tr. 39.) An Administrative Law Judge ("ALJ") conducted the hearing on May 29, 2024. (Tr. 62-90.) At this hearing, Plaintiff was present and represented by Susan Ritacca. *Id.* Plaintiff and Vocational Expert ("VE"), Thomas Mungall, both testified at the hearing. *Id.*

On August 16, 2024, the ALJ entered an unfavorable decision. (Tr. 39-52.) In this decision, the ALJ determined Plaintiff met the insured status requirements of the Social Security Act through December 31, 2028. (Tr. 41, Finding 1.) The ALJ also determined Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of February 28, 2023. (Tr. 41, Finding 2.)

The ALJ then determined Plaintiff has the severe impairments of lumbar degenerative disc disease, bilateral hip osteoarthritis status post-surgery, chronic pain syndrome, polycythemia vera, and thrombocytosis. (Tr. 42, Finding 3.) Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 42, Finding 4.)

The ALJ also determined Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work with the exception of

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

2

occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl but can never climb ladders, ropes or scaffolds. [Plaintiff] can perform frequent reaching and handling bilaterally. [Plaintiff] must avoid concentrated exposure to hazards, i.e., work around unprotected heights and unprotected moving machinery. [Plaintiff] also cannot drive or operate equipment as part of work.

(Tr. 44, Finding 5.)  The ALJ then determined Plaintiff was unable to perform his Past Relevant Work ("PRW").  (Tr. 50, Finding 6.)  Additionally, the ALJ determined transferability of job skills was not an issue.  (Tr. 50, Finding 9.)

The ALJ further determined that considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Microfilm Document Preparer with 63,461 jobs in the national economy, Addressing Clerk with 11,273 jobs in the national economy, and Food and Beverage Order Clerk with 132,800 jobs in the national economy.  (Tr. 50-51, Finding 10.)  Based upon these findings, the ALJ determined Plaintiff had not been disabled under the act from February 28, 2023, through the date of the decision.  (Tr. 51, Finding 11.)

On August 29, 2025, Plaintiff filed the present appeal.  (ECF No. 2.)  Both parties filed appeal briefs.  (ECF Nos. 9, 12.)  This case is now ready for decision.

## 2. **Applicable Law**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome.  *Jones v. Astrue,* 619 F.3d 963,

968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A), *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy that the

claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of their RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. **Discussion**

In his appeal brief, Plaintiff raised the following arguments for reversal: (1) the ALJ failed to consider the entirety of the VE's testimony regarding postural limitations, (2) the ALJ erred by failing to account for the negative side effects due to Plaintiff's medication and treatment, and (3) the ALJ erred by failing to consider Plaintiff's absenteeism in the VE's assessment. (ECF No. 9.) In response, Defendant argues the ALJ properly based his findings on substantial evidence and did not err in any of his findings. (ECF No. 12.) Upon review, the Court finds the ALJ erred in failing to consider Plaintiff's absenteeism to receive treatments for polycythemia vera and thrombocytosis and the potential absenteeism to recover from those treatments in the VE's assessment. Accordingly, the Court will only address this issue for reversal.

Plaintiff asserts the ALJ erred by failing to consider Plaintiff's absenteeism from work to attend appointments, receive treatment, and recover from the lasting effects of treatment. (ECF No. 9, pgs. 6-7.) Plaintiff cites seven dates within a three-month time span where he had to attend medical appointments to receive injections as treatment for polycythemia.[2] (ECF No. 9, pg. 8.) Plaintiff further contends he testified at the hearing that he goes to medical appointments to receive injections "every two weeks." (Tr. 84.)

---

[2] Plaintiff cites the following dates from medical records in the transcript: February 9, 2024, March 1, 2024, March 15, 2024, March 29, 2024, April 12, 2024, April 29, 2024, May 13, 2024, and May 28, 2024. (Tr. 881, 879, 877, 875, 873, 871, 870, 868.)

Defendant argues the ALJ did not need to include a limitation related to absenteeism in the RFC or hypothetical questions provided to the VE.  (ECF No. 12, pgs. 6-7.)  Defendant cites one of Plaintiff's medical appointments to show he "had a normal physical examination and Dr. Lockwood opined that Plaintiff had hip surgery and was 'doing much better.'"  (ECF No. 12, pg. 5, Tr. 897.)  Defendant further alleges there is no evidence from Plaintiff's medical providers that assesses the need for frequent absences due to his treatment.  (ECF No. 12, pgs. 6-7.)

In this record, there is considerable evidence to support Plaintiff's contention that he has had—and will continue to have—frequent absenteeism due to the treatments he receives for polycythemia vera and thrombocytosis.  First, when questioned by the ALJ about his abilities to transition "to a sit-down desk job," Plaintiff expressed doubt as to his abilities to perform such a job "because the shot also makes [him] very sleepy . . . and [he] miss[es] a lot of work going back and forth to the doctor."  (Tr. 79.)  Additionally, Plaintiff testified that the injections "make [him] dizzy.  Then, they just make [him] sick.  [He] just get[s] really sleepy so [he] miss[es] a lot of work."  (Tr. 80.)  Second, the records provided from Highlands Oncology reflect that as of January 2024, Plaintiff's treating physician had prescribed injections of ropeginterferon "every 2 weeks."  (Tr. 895.)  Medical records support Plaintiff received these injections as prescribed at the clinic from the date of prescription through the date of the ALJ hearing.  (Tr. 868-881.)  Finally, Dr. Lockwood specifically noted, "Patient has polycythemia vera for which he is on treatment for and will always need treatment for."  (Tr. 764.)

The Eighth Circuit has held that evidence of excessive absenteeism should be considered when a VE testifies that excessive absenteeism would hinder a plaintiff's ability to find work in the national economy.  *See Baker v. Apfel*, 159 F.3d 1140, 1146 (8th Cir. 1998); *Douglas v. Bowen*, 836 F.2d 392, 396 (8th Cir. 1987).  Here, the VE testified that employers' general tolerance for

6

absences at the sedentary, unskilled level is "no more than one time per month with no more than 11 accrued in a year." (Tr. 88.) Despite the testimony from Plaintiff regarding his frequent absenteeism and the ALJ's questions to the VE about the impact frequent absenteeism would have on the plaintiff's ability to obtain and maintain sedentary, unskilled work, the ALJ's opinion contains no discussion regarding absenteeism. Accordingly, remand is necessary so the ALJ may conduct further inquiry as to whether Plaintiff's frequent absenteeism to obtain medical care and to recover from those treatments would hinder his ability to find work in the national economy.

## 4. **Conclusion**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of May 2026.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE